IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM TOWNSEND, | | |
| | Petitioner, | No. CIV S-08-0923 MCE DAD P |
| vs. | | |
| D. K. SISTO, et al., | | ORDER AND |
| | Respondents. | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

      Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

      Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

      In his habeas petition, petitioner challenges the collection of restitution funds by the Trust Account Office at California State Prison - Solano. Specifically, petitioner contends that "[t]he California State Prison and California Department Trust Account Office is violating petitioner's due process rights by the department's increase policy of 55%, deduction of his funds." (Petition at 3.)

      When a prisoner challenges the fact or duration of his custody and a determination of his action may result in plaintiff's entitlement to an earlier release, his sole federal remedy is a

1 writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907
2 F.2d 874 (9th Cir. 1990).  Here, petitioner is not challenging his conviction but rather is
3 challenging the manner in which restitution is being deducted from his prison trust account
4 pursuant to California Department of Corrections' regulations or policy.  See Ramirez v. Galaza,
5 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action proper,
6 where a successful challenge to a prison condition will not necessarily shorten the prisoner's
7 sentence."), cert. denied 541 U.S. 1063 (2004).   This court lacks habeas jurisdiction and
8 petitioner's challenge to the manner in which restitution is being deducted from his trust account
9 is properly raised through a civil rights complaint brought pursuant to 42 U.S.C. § 1983.  See
10 Brasure v. Ayers, No. C 06-5823 JF (PR), 2007 WL 518990 *1 (N.D. Cal. Feb. 14, 2007)
11 (dismissing habeas action because petitioner's claim concerning the collection of his restitution
12 order was appropriately addressed in a civil rights action).

13        The court is required to examine a petition for federal habeas corpus relief before
14 requiring a response to it.  See Rules 3 & 4, Rules Governing § 2254 Cases.  "If it plainly appears
15 from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the
16 judge shall make an order for its summary dismissal . . . ."  Rule 4, Rules Governing § 2254
17 Cases.  Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits
18 when no claim for relief is stated.'"  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)
19 (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).  The court will recommend
20 that this action be summarily dismissed since petitioner does not challenge his conviction or the
21 execution of his sentence based on a violation of federal law or the U.S. Constitution.

22        Petitioner has requested the appointment of counsel.  In light of these findings and
23 recommendations, the request will be denied.

24        Accordingly, IT IS HEREBY ORDERED that petitioner's May 1, 2008 request
25 for appointment of counsel is denied.

26 /////

1  Also, IT IS HEREBY RECOMMENDED that this action be summarily dismissed
2  because it plainly appears from the face of the petition that petitioner is not entitled to relief
3  pursuant to 28 U.S.C. § 2254.
4  These findings and recommendations are submitted to the United States District
5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
6  days after being served with these findings and recommendations, petitioner may file written
7  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
8  Findings and Recommendations."  Petitioner is advised that failure to file objections within the
9  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
10  F.2d 1153 (9th Cir. 1991).
11  DATED: June 4, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kc/dk
town0923.110